IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSE REYES HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV755 |
| ) | |
| OFFICER REYNOLDS, ) | |
| SGT. J. RUSSELL, ) | |
| and LT. B. RICHARDSON ) | |
| ) | |
| Defendants. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on three motions. Defendants Reynolds, Richardson, and Russell ("Defendants") have filed a motion to dismiss, along with an accompanying memorandum. (Docket Entries 11, 12.) Plaintiff Jose Reyes Hernandez ("Plaintiff"), a *pro se* pretrial detainee, has filed a motion for leave to file an amended complaint and a motion to appoint counsel. (Docket Entries 13, 15.) For the reasons stated below, the undersigned will recommend granting Defendants' motion to dismiss; grant Plaintiff's motion to file an amended complaint; and deny Plaintiff's motion to appoint counsel.

**I. Background**

On August 31, 2023, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") and a Complaint. (*See* Docket Entries 1, 2.) Thereafter, the Court granted Plaintiff's IFP application. (*See* Docket Entry 3.) In his Complaint, Plaintiff brings official capacity claims

1

against Defendants pursuant to 42 U.S.C. § 1983 for excessive force. (*See* Docket Entry 2 at 2-3.)[1] Defendants are employed as Forsyth County Detention Officers. (*See id.*)

Plaintiff alleges the following: In June 2023, Defendant Reynolds told Plaintiff and his cell mate to close their respective food slots, to which both men complied. (*See id.* at 5.) Defendant Reynolds then left the cell block and returned with Defendant Sgt. Russell. (*See id.*) Defendant Reynolds opened Plaintiff's cell door, pulled him from his cell, and threw him on the floor. (*Id.*) Defendant Russell held Plaintiff down while Defendant Reynolds punched him twice in the face. (*See id.*) Defendant Lt. Richardson then arrived, and Plaintiff states that he "ignored my pleas that I had been unjust[ly] assaulted, and went along with Reynolds and Russell, in justifying[] their assault on me." (*See id.*) He claims that Defendant Reynolds' actions have caused "permanent migraines" that necessitate medication. (*Id.* at 6.) He also states that Defendant Richardson and Russell did not "keep[] Reynolds away from me." (*Id.*) In support of his allegations, Plaintiff attaches two Inmate Grievance Forms to his Complaint that assert the same incident as the Complaint. (*Id.* at 8-9.) He seeks monetary damages totaling over $1,000,000. (*Id.* at 6.)

Thereafter, Defendants filed a motion to dismiss and supporting memorandum. (Docket Entries 11, 12.) Subsequently, Plaintiff filed a motion for leave to file an amended complaint in February 2024. (Docket Entry 13.) Additionally, Plaintiff filed a motion to appoint counsel in April 2024. (Docket Entry 15.)

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

## II. Discussion

### A. Defendants' Motion to Dismiss

Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted and thus the action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Docket Entry 11 at 1.) First, Defendants claim that Plaintiff does not allege any official policy or custom led to his injury, so his official capacity claims fail. (*See* Docket Entry 12 at 5, 7.) Second, Defendants allege that, to the extent Plaintiff seeks to bring a claim for supervisory liability against Defendant Richardson, such a claim also fails because Plaintiff failed to establish any of the required elements for supervisory liability. (*See* Docket Entry 12 at 7-8.)

A Rule 12(b)(6) motion to dismiss assesses the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v.*

3

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557)).

The sufficiency of *pro se* complaints is to be assessed with some degree of liberal construction under the Federal Rules of Civil Procedure. *McNeill v. Britt*, No. 1:18CV800, 2021 WL 3711702, at *5 (M.D.N.C. July 21, 2021), *report and recommendation adopted*, No. 1:18CV800, 2021 WL 11134242 (M.D.N.C. Aug. 20, 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even in reviewing such complaints under this liberal construction, "generosity is not fantasy," and a plaintiff cannot expect the Court to plead the case for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

**1. Official Capacity Claims**

Defendants allege that Plaintiff has failed to state a claim against them in their official capacities because Plaintiff has not claimed that an official policy or custom led to his injury. (*See* Docket Entry 12 at 5, 7.) When a plaintiff sues a defendant in his official capacity alone, the defendant is only liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Tart v. Johns*, No. 1:18CV598, 2021 WL 11139974 at *3 (M.D.N.C. June 11, 2021) (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992) (internal quotation marks omitted)). "The fact that an official has discretion in the performance of his official duties does not mean that those acts represent official policy." *Id.*

4

(quoting *Gantt v. Whitaker*, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002), *aff'd*, 57 F. App'x 141 (4th Cir. 2003)).

Here, Plaintiff fails to allege sufficient facts to bring official capacity claims against Defendants. He only details one incident regarding the use of excessive force and does not allege any official customs or policies led to the incident. (*See* Docket Entry 2 at 5.) Accordingly, his official capacity claims against Defendants fail. (*See* Docket Entry 2 at 3.)

**2. Supervisory Liability**

Defendants further assert that, to the extent that Plaintiff is attempting to bring a supervisory liability claim against Defendant Richardson, such a claim fails because he has failed to establish any of the required elements for supervisory liability. (*See* Docket Entry 12 at 7-8.) Generally, a defendant may not be held liable for his actions under a theory of *respondeat superior* because the theory is inapplicable to cases filed pursuant to § 1983. *Bynum v. Poole*, No. 1:15CV960, 2017 WL 5466702 (M.D.N.C. 2017) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). However, "[i]ndividual liability of a supervisor is a noted exception to the rule that a supervisor is not liable under section 1983 unless an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 464 (M.D.N.C. 2016) (internal citation and quotations omitted). Therefore, a supervisor may be held liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

5

> (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and
> (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). To establish the "pervasive and unreasonable risk," noted in the first element, the alleged conduct must be "widespread, or at least has been used on several different occasions and . . . the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.* "A plaintiff cannot satisfy the burden of proving supervisory liability by pointing to a single incident or isolated incidents. Instead, supervisory liability may only be imposed where there is a history of widespread abuse." *Gallimore v. Hege*, No. 1:01 CV 00129, 2003 WL 723265, at *3 (M.D.N.C. Feb. 27, 2003) (internal citations and quotations omitted).

Here, to the extent that Plaintiff attempts to bring a supervisory liability claim against Defendant Richardson, it fails.[2] Plaintiff only points to a single, isolated incident, which is insufficient to establish a pervasive risk of constitutional injury. (*See* Docket Entry 2 at 5.) Further, his only allegation regarding Defendant Richardson is that he "went along with . . . justifying their assault on me." (*Id.*) This conclusory statement regarding one incident is insufficient to show that Defendant Richardson was deliberately indifferent or tacitly

---

[2] Even though Plaintiff's Complaint only appears to bring an official capacity claim against Defendant Richardson, supervisory liability claims are brought against defendants in their individual capacity. *Simmons v. Corizon Health, Inc.*, 122 F. Supp. 3d 255, 267 (M.D.N.C. 2015), on reconsideration in part, 136 F. Supp. 3d 719 (M.D.N.C. 2015) ("[W]hen supervisory liability is imposed, it is imposed against the supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates." (internal quotation omitted)). Having found that the official capacity claim against Defendant Richardson should be dismissed and that Plaintiff has not alleged sufficient facts to support a supervisory liability claim, all claims against Defendant Richardson, whether in his official or individual capacity, should be dismissed.

authorized the alleged conduct. *See Mandsager v. Univ. of N. Carolina at Greensboro*, 269 F. Supp. 2d 662, 679 (M.D.N.C. 2003) (finding that the second element is not satisfied unless there is "continued inaction in the face of documented widespread abuses"); *see e.g., Rogers v. N. Carolina Dep't of Pub. Safety*, No. 1:19CV417, 2020 WL 606659, at *3 (M.D.N.C. Feb. 7, 2020). Further, it appears from the Complaint that Defendant Richardson did not arrive until after the alleged assault, and thus Plaintiff does not show any affirmative causal link between Defendant Richardson's conduct and the alleged assault. *See e.g., Rogers,* 1:19CV417, 2020 WL 606659, at *3. Accordingly, to the extent that Plaintiff alleges a claim for supervisory liability against Defendant Richardson, Plaintiff has not stated sufficient facts to allege a plausible claim against Defendant Richardson for supervisory liability, and thus the undersigned recommends dismissing the claim.

### B. Plaintiff's Motion for Leave to File an Amended Complaint

After Defendants filed their motion to dismiss, Plaintiff filed a motion for leave to amend his Complaint. (Docket Entry 13.) In his motion, Plaintiff seeks to add individual capacity claims for excessive force against Defendants Reynolds and Russell ("Remaining Defendants") regarding the same incident alleged in the original Complaint. (*See* Docket Entry 13 at 7.) He asserts that, when read as a whole, the original Complaint alleges sufficient facts that implicate Remaining Defendants in their individual capacities.[3] (*See* Docket Entry 13 at 5.) Rule 15 of the Federal Rules of Civil Procedure states that a party

---

[3] Pursuant to Local Rule 15.1, parties seeking leave to amend a pleading are required to attach a proposed amended pleading to their motion. Here, Plaintiff did not attach a proposed amended pleading. However, because Plaintiff has filed *pro se* and the Court must liberally construe his pleadings, the undersigned will allow the motion to amend to serve as a supplement to the pleading, thereby allowing Plaintiff to bring individual capacity claims for excessive force against Remaining Defendants.

7

"may amend its pleading once as a matter of course within 21 days after service of a Rule 12(b) motion." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Further, "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. V. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Here, Plaintiff filed his motion to amend his complaint within 21 days of Defendants' motion to dismiss, and so the amendment should be allowed as a matter of course.[4] Therefore, the undersigned will grant Plaintiff's motion to amend. (*See* Docket Entry 13.)

### C. Motion to Appoint Counsel

Finally, Plaintiff requests the appointment of counsel. "The Constitution does not compel the appointment of counsel in civil cases." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam). However, this Court may, within its discretion, appoint counsel

---

[4] Plaintiff only seeks to brings individual capacity claims against Defendants Russell and Reynolds. (*See* Docket Entry 13.) He does not state that he seeks to bring an individual capacity claim against Defendant Richardson.

for an indigent in a civil action. 28 U.S.C. § 1915(e)(1); *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under section 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court."). The Court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" *Lowery*, 492 F. App'x at 411 (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Here, no exceptional circumstances exist to grant the appointment of counsel. Plaintiff's allegations are straightforward and common for claims brought pursuant to § 1983. Further, Plaintiff's filings thus far have shown that he is capable of representing himself. Therefore, the motion to appoint counsel will be denied.

### III. Conclusion

**IT IS HEREBY RECOMMENDED** that Defendants Russell, Reynolds, and Richardson's Motion to Dismiss (Docket Entry 11) be **GRANTED**. All official capacity claims against Defendants Russell, Reynolds, and Richardson should be dismissed. Further, any supervisory liability claims against Defendant Richardson should be dismissed.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Leave to File an Amended Complaint" (Docket Entry 13) be **GRANTED.** The clerk is directed to docket

this motion as a supplement to the Complaint. As a result, the only remaining claims should be the excessive force claims made against Defendants Reynolds and Russell in their individual capacities.

Finally, **IT IS FURTHER ORDERED** that Plaintiff's "Motion for Appointment of Counsel" (Docket Entry 15) be **DENIED**.

/s/ Joe L. Webster
United States Magistrate Judge

June 24, 2024
Durham, NC